González et al., Demandantes y Apelantes, *v.* Hernández et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de San Juan, Distrito Segundo, en pleito sobre nulidad y reivindicación.—Moción sobre desestimación de apelación.

No. 2880.—Resuelto en noviembre 10, 1922.

Desestimación de Apelación—Transcripción de la Evidencia—Orden de la Corte al Taquígrafo.—Según los términos de la Ley Núm. 27 de noviembre 27, 1917, la orden de la corte inferior para que el taquígrafo prepare la transcripción de la evidencia es necesaria y no puede ser suplida por el secretario; y aunque dice la ley que será el deber de la corte ordenar que la transcripción sea hecha por el taquígrafo, tal precepto no es imperativo puesto que debiendo ser dada cuando exista una apelación y cuando la pe-

tición se hace dentro de los 10 días de haber sido establecida es indudable que la corte debe estar convencida de que tales condiciones existen para que tenga el deber de dar dicha orden.

ID. — TÉRMINO PARA RADICAR EL RECORD DE APELACIÓN — PRÓRROGA CONCEDIDA FUERA DE TIEMPO.—Aun admitiendo como cierto que el taquígrafo podía preparar la transcripción de la evidencia en virtud de petición del apelante dirigida a la corte pero no provista por ella; y que era válida una primera prórroga concedida por ésta, siempre procedería desestimar la apelación en este caso pues la moción pidiendo una segunda prórroga fué radicada fuera de tiempo.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. A. Marín Marién.*

Abogado de los apelados: *Sr. L. Méndez Vaz.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La Ley No. 27 de 27 de Noviembre de 1917 autoriza a las partes que apelan de cualquier materia u orden revisable en apelación de una sentencia para que en lugar de preparar el pliego de excepciones o de exposición del caso que determina el artículo 299 del Código de Enjuiciamiento Civil, puedan sustituirlos por una transcripción de la evidencia preparada por el taquígrafo, y a tal fin podrán radicar en poder del secretario de la corte de cuya sentencia, orden o resolución se hubiera apelado, un escrito solicitando que se haga por el taquígrafo la transcripción de la evidencia, escrito que deberá presentarse dentro de 10 días después de haberse archivado la apelación; y según la sección 2ª. de dicha ley, al recibir dicho escrito será el deber de la corte ordenar al taquígrafo que haga la transcripción, la que deberá ser preparada dentro de los 20 días después de habérsele así ordenado por la corte, debiendo ser entregada al secretario. Ese término puede ser prorrogado por la corte y según otra ley, la No. 81 de 1919, enmendatoria de la anteriormente citada, la prórroga puede pedirse por el taquígrafo o por el apelante.

En el presente caso el 9 de agosto fué registrado el escrito de apelación y el 18 del mismo mes la parte que interesa la revisión de la sentencia presentó un escrito dirigido al secretario de la corte inferior solicitando de la corte que se pre-

parara la transcripción por el taquígrafo, pero no aparece del pleito ni del libro de minutas de la corte que ésta diera orden alguna al taquígrafo con tal fin, aunque según declaración jurad del secretario él notificó personalmente dicha petición al taquígrafo.

El 7 de septiembre el taquígrafo solicitó por escrito de la corte una primera prórroga de 30 días que le fué concedida, sin que ese escrito aparezca registrado por el secretario, ni la orden de prórroga aparezca en el libro de minutas de la corte. Después en otro escrito fechado el 7 de octubre, que fué registrado por el secretario el día 9, el taquígrafo solicitó y obtuvo de la corte otra prórroga de 30 días más. En 31 de octubre el taquígrafo entregó la transcripción al secretario, pero antes, el día 19 de ese mes, la parte apelada había presentado en este Tribunal Supremo su moción solicitando que desestimemos la apelación por el fundamento de que sin orden de la corte el taquígrafo no está autorizado para preparar la transcripción; por haber vencido el término de 20 días fijado por la ley, y porque aún suponiendo que la corte de distrito concedió el 7 de septiembre una primera prórroga de 30 días a solicitud del taquígrafo, la petición de la segunda prórroga fué registrada el día 9 de octubre, dos días después de haber vencido la primera, por lo que siendo nula la segunda prórroga concedida, la transcripción de la apelación debió ser presentada en este Tribunal Supremo dentro de los 30 días siguientes a haber sido interpuesta la apelación.

En oposición a esa solicitud alegan los apelantes que no es necesaria la orden de la corte para que el taquígrafo hiciera la transcripción de la evidencia porque, según la ley, cuando tal petición se hace la corte está en el deber de ordenar al taquígrafo que haga la transcripción y así carece de discreción para negarla, y porque la ley fija al taquígrafo como término el de 20 días aunque puede ser prorrogado.

No solamente dispone la ley con palabras claras y expresas que la corte será la que ordene al taquígrafo que prepare la

transcripción de la evidencia, por lo que su mandato no puede ser suplido por el secretario sino que, además, es necesaria tal orden porque desde que se dicta es que empiezan a contarse los 20 días que tiene el taquígrafo para hacer su trabajo; y aunque dice la ley que será el deber de la corte ordenar que la transcripción sea hecha por el taquígrafo, tal precepto no es imperativo puesto que debiendo ser dada cuando exista una apelación y cuando la petición se hace dentro de los 10 días de haber sido establecida es indudable que la corte debe estar convencida de que tales condiciones existen para que tenga el deber de dar dicha orden. Por consiguiente es necesario que la corte ordene que se haga la transcripción por el taquígrafo para que ésta sustituya a la exposición del caso o pliego de excepciones dispuestos en el artículo 299 del Código de Enjuiciamiento Civil, según ha sido enmendado.

Por otra parte, aunque se aceptara lo que sostienen los apelantes y en consecuencia admitiendo como cierto que el taquígrafo aún sin orden de la corte y por la sola petición podía preparar la transcripción dentro de 20 días o de las prórrogas que le fueran concedidas, siempre resultaría que venciendo el 7 de septiembre la primera prórroga de 30 días que le fué concedida, hasta el día 9 no radicó con el secretario la otra petición de prórroga por lo que estando vencida entonces la primera, no tenía facultad la corte para conceder la segunda y por tanto el término para presentarnos la transcripción de la apelación venció a los 30 días de haber sido interpuesta sin que dentro de él se nos haya presentado la transcripción de la apelación.

La apelación debe ser desestimada.

*Desestimada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.